UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-10573 PA (Ex) | Date | February 20, 2024 |
|---|---|---|---|
| Title | Mayte Guerrero Avina, et al. v. Ford Motor Company | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Remand filed by plaintiffs Mayte Guerrero Avina and Daniel Ortiz-Magdaleno ("Plaintiffs") (Docket No. 10). Plaintiffs challenge the Notice of Removal filed by defendant Ford Motor Company ("Defendant" or "Ford"). (Docket No. 1.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for February 26, 2024, is vacated, and the matter taken off calendar.

**I.      PROCEDURAL BACKGROUND**

The Complaint in this matter, filed on September 8, 2023 in Los Angeles County Superior Court, alleges three causes of action under the Song Beverly Act relating to the purchase of a 2021 Ford Explorer. The Complaint alleges that Plaintiffs reside in the City of Los Angeles, State of California, and that Plaintiffs are entitled to restitution, rescission, diminution of value damages, civil penalties and reasonable attorney's fees in their prayer for relief. (Docket No. 1, Ex. B.) The Complaint does not allege an amount in controversy or the citizenship of either Plaintiff. (Id.)

The Notice of Removal filed by Ford alleges that because the amount in controversy and Plaintiffs' citizenship could not be ascertained on the face of the Complaint, Ford served written discovery regarding jurisdictional issues. (Notice of Removal ¶ 2.) Ford further alleges that on November 2, 2023, Plaintiffs served their responses to Defendant's jurisdictional discovery..(Id.) In those responses, Plaintiffs admitted they were seeking more than $75,000 in damages but did not provide any substantive response to the requests for admission pertaining to citizenship. After meeting and conferring, on December 7, 2023, Plaintiffs provided substantive responses, admitting to being citizens of the State of California at the time the action was filed. (Id.) Asserting that Plaintiffs' amended discovery responses were the paper from which it was first ascertainable that the case was removable, Defendant filed the Notice of Removal on December 18, 2023. (Id.) Plaintiffs' Motion to Remand argues that Defendant's Notice of Removal is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-10573 PA (Ex) | Date | February 20, 2024 |
|---|---|---|---|
| Title | Mayte Guerrero Avina, et al. v. Ford Motor Company | | |

untimely because Defendants knew when the action was filed that the amount in controversy exceeded $75,000 and had enough information to affirmatively allege that Plaintiffs were citizens of California, based on their residence as alleged in the Complaint.

## II.     ANALYSIS

### A.     Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal subject matter jurisdiction may be based on diversity jurisdiction, which requires that all plaintiffs have a different citizenship from all defendants and that the amount in controversy exceed $75,000.00.  See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the place they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

"The defendant also has the burden of showing that it has complied with the procedural requirements for removal."  Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)).  These

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-10573 PA (Ex) | Date | February 20, 2024 |
|---|---|---|---|
| Title | Mayte Guerrero Avina, et al. v. Ford Motor Company | | |

procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3).

**B.  Discussion**

Defendant alleges that the Notice of Removal is timely because it was filed within 30 days of its receipt of Plaintiffs' amended responses to Defendant's discovery requests, in which Plaintiffs first admitted that they were citizens of California. "[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint." 28 U.S.C. § 1446(b); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998). In Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005), the Ninth Circuit clarified that if an initial pleading is not removable on its face, then the first 30-day period for removal is not triggered. "In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Id. (quoting 28 U.S.C. § 1446(b)(3)). Sworn discovery responses received from another party in the pending litigation constitute "other paper" within the meaning of 28 U.S.C. § 1446(b) from which a party may properly be put on notice that a case is or has become removable. See Riggs v. Continental Baking Co., 678 F.Supp. 236, 238 (N.D. Cal. 1998).

Because the Complaint only alleges where Plaintiffs "reside," an allegation that is insufficient to establish citizenship for diversity purposes, Defendant's receipt of the amended discovery responses opened a 30-day window for Defendant to file the Notice of Removal.[1/] See Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Plaintiffs argue that Defendant should have known that Plaintiffs were citizens of California from the Complaint, and did not need to serve and wait for discovery responses in order to remove the action. The Court disagrees. The Ninth Circuit does not "charge defendants with notice of removability until they've received a

---

[1/]  In order establish diversity jurisdiction, Defendants must prove both that there is diversity of citizenship and that the amount in controversy exceeds $75,000. Because the Court concludes that the Complaint did not include sufficient allegations to establish Plaintiffs' citizenship, the Court does not need to address Plaintiffs' arguments relating to the amount in controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-10573 PA (Ex) | Date | February 20, 2024 |
|---|---|---|---|
| Title | Mayte Guerrero Avina, et al. v. Ford Motor Company | | |

paper that gives them enough information to remove." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006). Because citizenship is based on domiciliary intent, and not residency, the Complaint did not start the removal period. See Cioffi v. Solomon, No. C-14-04139-RMW, 2014 WL 6679555, at *2 (N.D. Cal. Nov. 21, 2014) (citing Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 695 (9th Cir. 2005)) ("Plaintiff's initial complaint did not trigger the first thirty-day window for removal because it only disclosed plaintiff's residency, not his citizenship. . . . Diversity jurisdiction is based on parties' citizenship, not residency. 28 U.S.C. 1332. The first thirty-day period only begins to run if the case stated by the initial pleading affirmatively reveals on its face the grounds for removal – in this case, complete diversity of citizenship.").

The Court therefore concludes that Defendant has met its burden of establishing diversity jurisdiction in this matter, and rejects Plaintiffs' contention that the Notice of Removal is untimely under 28 U.S.C. § 1446(b)(3).

## Conclusion

For all of the foregoing reasons, the Court denies Plaintiffs' Motion to Remand.

IT IS SO ORDERED.